# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-15-00040-CR
NO. 03-15-00041-CR
NO. 03-15-00042-CR
NO. 03-15-00043-CR

**Kody Broxton, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
NOS. 73309, 73310, 73311, & 71838, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING**

# O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

Kody Broxton was charged with four counts of theft. *See* Tex. Penal Code § 31.03. After his arrest, Broxton entered into a written plea bargain with the State in which the State agreed to recommend that the punishments assessed in the four counts run concurrently. The agreement also specified that if the district court followed the plea recommendation, Broxton "must obtain permission of the Court before [he could] prosecute an appeal on any matter in the case[s], except for matters raised by written motion filed prior to trial." *See* Tex. R. App. P. 25.2(a)(2) (explaining circumstances in which defendant to plea bargain case may appeal his conviction).

During a hearing before the district court, Broxton entered a plea of guilty for each count. After hearing Broxton's pleas, the district court noted that there was an agreement in the

cases recommending that the punishments run concurrently, but the district court also stated that there was no plea bargain and that the pleas were open pleas. Ultimately, the district court accepted the pleas and determined that there was sufficient evidence to find Broxton guilty, but the district court withheld imposing sentence in order to allow a pre-sentence investigation report to be filed. During a subsequent sentencing hearing, the district court explained that it found Broxton guilty in all four counts and that Broxton "struck a deal with the State . . . that [his punishments] would all run concurrently with each other as opposed to doing these individually and being stacked."

When deciding Broxton's punishments, the district court concluded that Broxton should be imprisoned for a period of two years in each count but that those sentences were to run concurrently as specified in the agreement with the State. *See* Tex. Penal Code § 31.03(e)(4) (explaining that offense is state jail felony if amount of property is between $1,500 and $20,000); *id.* § 12.35 (providing that permissible punishment range for state jail felony is between 180 days and two years). In one of the counts, which has been given appellate cause number 03-15-00043-CR, the district court also imposed a restitution order requiring Broxton to pay $30,000. Although the district court imposed a sentence that was consistent with the State's recommendation in the plea bargain and although the district court noted the existence of the agreement, nothing in the record before this Court demonstrates that the district court gave Broxton permission to appeal his convictions. Moreover, after imposing its sentence, the district court issued certifications regarding Broxton's appellate rights in each case and checked the box indicating that the cases were not plea-bargain cases and that he had the right to appeal his convictions in each case. *See* Tex. R. App. P. 25.2(a)(2) (requiring trial court to enter certification of defendant's right to appeal after entering judgment of conviction).

Subsequent to the district court's rulings, Broxton's appellate counsel filed *Anders* briefs in appellate cause numbers 03-15-00040-CR, 03-15-00041-CR, and 03-15-00042-CR. *See Anders v. California*, 386 U.S. 738, 744-45 (1967); *Garner v. State*, 300 S.W.3d 763, 766 (Tex. Crim. App. 2009). In appellate cause number 03-15-00043-CR, Broxton's appellate counsel filed a brief challenging the restitution order. After Broxton filed his appellate briefs, the State filed a motion to dismiss arguing that this Court should dismiss Broxton's appeals because his convictions were the result of a charge bargain in which the State agreed to recommend that his punishments run concurrently. *See Velez v. State*, No. 04-11-00563-CR, 2012 Tex. App. LEXIS 6486, at *1-2 (Tex. App.—San Antonio Aug. 8, 2012, no pet.) (mem. op., not designated for publication) (concluding that agreement by State to recommend concurrent sentences "and to take other pending cases into consideration" was charge bargain, "which is a plea bargain for purposes" of rule 25.2); *see also Shankle v. State*, 119 S.W.3d 808, 813-14 (Tex. Crim. App. 2003) (describing types of plea-bargain agreements). Accordingly, the State insists that Broxton is not entitled to appeal his convictions.

Although the district court's certifications specified that there was no plea bargain in any of the cases and that Broxton was free to appeal his convictions, the record, as summarized above, contains indications that the certifications may be defective because the record is both consistent with and inconsistent with the certifications. A certification is defective if, among other reasons, it appears "correct in form but which, when compared with the record before the court, proves to be inaccurate," *Dears v. State*, 154 S.W.3d 610, 614 (Tex. Crim. App. 2005), and appellate courts are obligated "to examine a certification for defectiveness, and to use Rules 37.1 and 34.5(c) to obtain another certification, whenever appropriate," *id.*; *see* Tex. R. App. P. 34.5(c)(2)

3

(authorizing appellate court to require trial court to prepare certification of defendant's right to appeal), 37.1 (requiring appellate clerk to inform parties when there is defect in certification of defendant's right to appeal in criminal case).

In order to resolve any potential defects in the certifications, we abate these appeals and instruct the district court to prepare and file with this Court amended certifications specifying whether these were plea-bargain cases, whether Broxton has a right to appeal in each case, and if applicable, whether the district court gave Broxton permission to appeal in each case. *See* Tex. R. App. P. 34.5(c)(2), 37.1. In addition, the district court is instructed to prepare findings of fact and conclusions of law explaining how it made the determinations listed above. The supplemental clerk's records containing the amended certifications and the findings and conclusions are ordered to be forwarded to this Court within fifteen days of the date reflected in this opinion. After the supplemental records are filed, this Court will decide whether to grant the State's motion and dismiss the appeals or to address the appeals on the merits.

It is ordered May 7, 2015


Before Justices Puryear, Pemberton, and Bourland

Abated and Remanded

Filed: May, 7, 2015

Do Not Publish